## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

CARLON D. McGINN,

                    Petitioner,

          v.                         CASE NO. 12-3131-RDR

JAMES HEMIGARDNER,
Warden, El Dorado
Correctional Facility, et al.,

                    Respondents.

### O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). The court has screened the petition and finds it is defective. Petitioner is given time to satisfy the filing fee and cure the defects in his petition. If he fails to comply with the court's order within the time allotted, this action may be dismissed without prejudice.

### FILING FEE

The statutory fee for filing a habeas corpus petition is $5.00. Petitioner has neither paid the fee nor filed a motion to proceed in forma pauperis (IFP).[1] This action may not proceed until he satisfies the filing fee in one of these two ways. He will be given time to satisfy the filing fee prerequisite. If he fails to do so

---

[1] 28 U.S.C. 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. 1915(a), and petitioner/plaintiff will be given time to submit a proper motion and the financial information in support.

within the time allotted, this action may be dismissed without further notice.

## ALLEGATIONS, CLAIMS, AND PROCEDURAL HISTORY

Petitioner claims that the trial court "was without person jurisdiction to try and sentence" him, and as a result his current confinement is illegal.  In support, he alleges that while he was in custody in Colorado on a state sentence (Colorado Case No. 01-CR-448), the Sheriff's Department of Sedgwick County, Kansas, lodged a detainer against him on June 25, 2001 (Kansas Case No. 01-CR-643).[2] He complains that the Kansas trial court failed to take him into custody and try him on the Kansas charges in a timely manner.  He asserts that the court violated K.S.A. § 22-4401 as well as Article V(c) of the Interstate Agreement on Detainers Act, 18 U.S.C. Appx. (IAD).  Mr. McGinn appears to also claim that appointed counsel in his state post-conviction proceedings was ineffective for failing to present the merits of these claims in state court.

The court takes judicial notice of the records in petitioner's Kansas criminal case, which indicate the following procedural history.  On May 28, 2001, Mr. McGinn was charged in Sedgwick County with one count of rape of a child under 14 years of age, and one count of aggravated criminal sodomy.  He was in custody of the Colorado Department of Corrections at the time.  In August, 2002, he asserted his right for speedy disposition of the Kansas charges, and papers to that effect were filed in the Sedgwick County District

---

[2]      In the appellate brief filed in his Kansas post-conviction case, Mr. McGinn alleged that he was released from the Colorado county jail on probation on September 13, 2001; but was arrested on September 25, 2001, in another Colorado case (Case No. 01-CR-2183).  His probation was revoked on March 14, 2002.

Court in September 2002.  In October, 2002, Mr. McGinn was temporarily returned to Kansas, where the Sedgwick County Court conducted a first appearance and a preliminary hearing.  He was bound over for trial and a jury trial was scheduled.  However, on March 25, 2003, he pled guilty.  On May 22, 2003, he was sentenced to 554 months on the rape conviction and 109 months on the aggravated criminal sodomy conviction.  *McGinn v. State*, 259 P.3d 749, 2011 WL 4357819, *1 (Kan. App. Sept. 16, 2011), *Review Denied* (Kan. Mar. 8, 2012).  The court ordered the sentences to run concurrent with one another, but consecutive to his Colorado sentence.  Mr. McGinn did not appeal.  He was returned to Colorado to finish serving his sentence in that state.  After completing his Colorado sentence on July 19, 2004, he was returned to Kansas and taken into the custody of the Kansas Department of Corrections.  *Id.*

On October 14, 2009, Mr. McGinn filed a post-conviction motion attacking his Kansas convictions and sentences pursuant to K.S.A. 60-1507.  He argued that the district court had lacked personal jurisdiction and that his trial counsel had been ineffective.  *Id.* The district court appointed counsel to represent Mr. McGinn and held a preliminary hearing to determine whether an evidentiary hearing was warranted.  The petition was dismissed as not filed within the one-year limitation period set forth in K.S.A. 60-1507(f)(1).  Mr. McGinn appealed the decision to the Kansas Court of Appeals, which found that he was required to allege factual circumstances that justified his failure to file his K.S.A. 60-1507 petition in a timely manner, but had failed to offer any explanation.  *Id.* at *2.  They concluded that the district court had properly denied his 60-1507 petition as untimely.  *Id.*

**CLAIMS MUST BE FILED UNDER 28 U.S.C. § 2254**

In this Circuit, a petition under 28 U.S.C. § 2241 is used to challenge the execution of a sentence, while the proper method to challenge a state conviction or sentence is the filing of a petition under 28 U.S.C. § 2254.  If Mr. McGinn were challenging a detainer that was currently lodged against him, he might properly proceed under § 2241, based upon claims that the detainer was adversely affecting his current confinement.  However, he is not challenging a detainer that is now impacting him at the EDCF.

Instead, petitioner is claiming that the trial court was without jurisdiction and arguing that his Kansas conviction should be dismissed because he was not brought to trial within the time frames prescribed by the Kansas Speedy Trial Act and the IAD.  These claims are clearly challenges to his state convictions that may only be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is given time to amend his petition by filing a § 2254 petition.

**PETITION MUST BE SUBMITTED UPON FORMS**

Local court rule requires that a § 2254 petition be submitted upon forms provided by the court.  The clerk will be directed to send petitioner the appropriate forms.  If he fails to submit his petition upon the appropriate forms, this action may be dismissed without further notice.

**EXHAUSTION OF STATE REMEDIES MUST BE SHOWN**

28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State
court shall not be granted unless it appears that -- (A)
the applicant has exhausted the remedies available in the
courts of the State. . . .

Alternatively, the applicant must show that State corrective process
is either unavailable or ineffective.  28 U.S.C. § 2254(b)(1)(B).
"A state prisoner must give the state courts an opportunity to act
on his claims before he presents those claims to a federal court in
a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842
(1999).  Generally, the exhaustion prerequisite is not satisfied
unless all claims asserted have been presented by "invoking one
complete round of the State's established appellate review process."
Id. at 845.  This means that each of petitioner's claims must have
been "properly presented" as a federal constitutional issue "to the
highest state court, either by direct review of the conviction or in
a post-conviction attack."  Dever v. Kansas State Penitentiary, 36
F.3d 1531, 1534 (10th Cir. 1994).

Petitioner does not allege sufficient facts to establish that
the first two claims he seeks to present to this court, denial of
speedy trial and violation of the IAD, were actually presented to
the highest state court.  Any claim that post-conviction counsel was
ineffective for failing to present the other two claims must also be
fully exhausted in the state courts before it may be presented in
federal court.  Petitioner must show full and proper exhaustion of
all his claims in his § 2254 form petition, or this action will be
dismissed for failure to exhaust.

**PROCEDURAL DEFAULT**

Petitioner obviously did not present any of his claims on

direct appeal since he did not appeal.  The claims that he presented in state post-conviction proceedings were denied as not timely filed.  Under the procedural bar doctrine, a federal habeas court cannot address claims that were defaulted in state court on independent and adequate state procedural grounds "unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Hamm at 1216 *quoting* Coleman, 501 U.S. at 750; Hume v. McKune, 176 F.Supp.2d 1134, 1140 (D.Kan. 2001).  Two of petitioner's three claims were denied on procedural grounds.  It follows that unless petitioner can show cause and actual prejudice or a fundamental miscarriage of justice, federal habeas review of those two claims is barred.

**FEDERAL PETITION APPEARS TO BE TIME-BARRED**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Mr. McGinn's Kansas convictions became "final" as that term is

utilized in § 2244(d)(1) after his time to directly appeal his Kansas convictions expired, which was in 2003. It follows that the time in which Mr. McGinn was required to file a § 2254 petition in federal court expired in 2004. He did not file his 60-1507 motion until 2009. Thus, it appears that the federal statute of limitations was not tolled in petitioner's case, and instead ran unimpeded for a year after his convictions and sentences became final.

If petitioner is not entitled to additional statutory tolling, he must allege facts demonstrating his entitlement to equitable tolling. AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999)). Equitable tolling is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). It would be appropriate, for example, when a prisoner is actually innocent, Miller, 141 F.3d at 978, or "when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing." Gibson, 232 F.3d at 808 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover,

ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.  As the Tenth Circuit explained in Hallcy v. Milyard, 387 Fed.Appx. 858, 860 (10th Cir. 2010)(unpublished):[3]

> The Supreme Court has recently affirmed that § 2244(d)'s limitations period is subject to equitable tolling. Holland v. Florida, 78 U.S.L.W. 4555, No. 09-5327, 2010 WL 2346549, at *9 (U.S. June 14, 2010).  But, in doing so, the Court also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at *12 (internal quotation marks omitted); accord Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008)("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (quoting Wallace v. Kato, 549 U.S. 384, 396 (2007))).  In light of this high standard, Mr. Hallcy's professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling—a proposition implied by the very case that he cites to us. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(stating that a petitioner's "assertions he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar).

Id.

Petitioner is given the opportunity in his § 2254 petition to show that this action should not be dismissed as time-barred.  If he does not present facts in his new form petition indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling, then this action will be dismissed as time-

---

[3]      Unpublished opinions are not cited herein as binding precedent, but for persuasive value.  See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee by either paying the $5.00 fee or submitting a motion to proceed in forma pauperis upon the appropriate forms together with the requisite financial information in support.

**IT IS FURTHER ORDERED** that within the same thirty-day time period, petitioner is required to file his petition on court-provided § 2254 forms[4] and in his form petition to show cause why this action should not be dismissed for failure to exhaust state remedies, for procedural default, and as time-barred.

The clerk is directed to send petitioner § 2254 forms and IFP forms.

**IT IS SO ORDERED.**

**DATED:  This 7th day of June, 2012, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**

---

[4]    Petitioner must write the number of this case, 12-3131, upon his new petition.